IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRIE JENKINS, # 251907, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:14cv328-MEF |
| ) | (WO) |
| ALABAMA BOARD OF PARDONS ) | |
| AND PAROLES, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on May 1, 2014, by Alabama inmate Larrie Jenkins ("Jenkins"). Doc. No. 1. Jenkins contends that the Alabama Board of Pardons and Paroles ("Parole Board") violated her constitutional right to due process when rescinding its initial vote to grant her parole. The respondents answer that because Jenkins has yet to exhaust her available state court remedies, her § 2254 petition should be dismissed without prejudice. Doc. No. 10 at 3-5. Jenkins was afforded an opportunity to show why her petition should not be dismissed for failure to exhaust state remedies (*see* Doc. No. 15), but she did not respond.

**Discussion**

A petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State."

28 U.S.C. § 2254(1)(b)(1)(A). Because Jenkins is "in custody pursuant to the judgment of a State court," she is subject to § 2254's exhaustion requirement.[1] *See Dill v. Holt*, 371 F.3d 1301, 1302-03 (11th Cir. 2004).

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A complete round of the state appellate process includes discretionary appellate review "when that review is part of the ordinary appellate review procedure in the State." *Id*. at 847.

Jenkins contends that the Parole Board violated her constitutional rights when it rescinded its vote to grant her parole. Under Alabama law, "one complete round" of review of a ruling by the Parole Board includes: (1) filing a petition for writ of certiorari in the Montgomery County Circuit Court, *see Sellers vs. State*, 586 So.2d 994, 995 (Ala. Crim. App. 1991); (2) appealing the denial of that petition to the Alabama Court of Criminal Appeals, *see* Ala. Code § 12-3-9 (2003); *Johnson v. State*, 729 So. 2d 897, 898 (Ala. Crim. App 1997); (3) petitioning the Alabama Court of Criminal Appeals for rehearing, *see* Ala. R. App. P. 39(c)(1); and (4) seeking discretionary review in the Alabama Supreme Court, *see*

---

[1] Jenkins, who is incarcerated at Montgomery-Pre Release Facility in Mt. Meigs, Alabama, is serving a 23-year sentence for a murder conviction from Marengo County Circuit Court.

Ala. R. App. P. 39(c).  *See Dill*, 371 F.3d at 1303.

The respondents' answer (*see* Doc. No. 10) and the materials before this court indicate that although, in October 2013, Jenkins filed what she styled as a "Petition for Writ of Habeas Corpus" in the Montgomery County Circuit Court challenging the Parole Board's actions, the Montgomery Circuit Court dismissed that petition on April 10, 2014, based on Jenkins's failure to prosecute the case.  Resp'ts' Ex. D.  It does not appear that Jenkins has appealed that ruling to the Alabama appellate courts.  Because Jenkins has failed to pursue her state court remedies in full, she has not met § 2254(b)(1)(A)'s exhaustion requirement.

This court does not deem it appropriate to rule on the merits of Jenkins's claim for federal habeas relief without requiring that she exhaust the remedies available to her in the state courts.  *See* 28 U.S.C. § 2254(1)(b)(2).  Consequently, this court concludes that Jenkins's petition for writ of habeas corpus under § 2254 should be dismissed without prejudice so she can pursue state court remedies.

## Conclusion

It is therefore the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2254 petition for habeas corpus relief should be DISMISSED without prejudice, because Jenkins has failed to exhaust state court remedies.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **August 12, 2014**.  Any objections filed must specifically

identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 29th day of July, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE